UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LUIS PEREZ CABRERA,

   Plaintiff,

v.            Case No: 6:15-cv-1145-Orl-DNF

CAROLYN COLVIN, ACTING
COMMISSIONER OF SOCIAL
SECURITY,

   Defendant.
_____

**OPINION AND ORDER**

  Plaintiff, Luis Perez Cabrera, seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for a period of disability and disability insurance benefits ("DIB"). The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda in support of their positions. For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

 **I.** **Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

  **A. Social Security Act Eligibility**

  The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The

impairment must be severe, making the claimant unable to do his previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

**B. Standard of Review**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. Social Security Act, § 205(g), 42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At step one, the claimant must prove that he is not undertaking substantial gainful employment. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), *see* 20 C.F.R. §

404.1520(a)(4)(i). If a claimant is engaging in any substantial gainful activity, he will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the claimant must prove that he is suffering from a severe impairment or combination of impairments. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(ii). If the claimant's impairment or combination of impairments does not significantly limit his physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled. 20 C.F.R. § 1520(c).

At step three, the claimant must prove that his impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1; *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii). If he meets this burden, he will be considered disabled without consideration of age, education and work experience. *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that his impairment meets or equals one of the impairments listed in Appendix 1, he must prove that his impairment prevents him from performing his past relevant work. *Id*. At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of his past relevant work. 20 C.F.R. § 1520(a)(4)(iv), 20 C.F.R. § 1520(f). If the claimant can still perform his past relevant work, then he will not be found disabled. *Id*.

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v). If the claimant is capable of performing other work, he will be found not disabled. *Id*. In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant. *Allen v. Sullivan*, 880 F.2d 1200,

1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("the Grids"), and the second is by the use of a vocational expert ("VE"). *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Only after the Commissioner meets this burden does the burden shift back to the claimant to show that he is not capable of performing the "other work" as set forth by the Commissioner. *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

### C.  Procedural History

Plaintiff filed an application for a period of disability and DIB on February 7, 2012, alleging disability beginning September 18, 2011. (Tr. 177-85). Plaintiff's application was denied initially on May 22, 2012, and upon reconsideration on July 18, 2012. (Tr. 100-04, 109-10). At Plaintiff's request, an administrative hearing was held before Administrative Law Judge Philemina M. Jones (the "ALJ") on August 6, 2013. (Tr. 30-69). On February 28, 2014, the ALJ entered a decision finding that Plaintiff was not under a disability at any time from September 18, 2011, through the date of the decision. (Tr. 14-28). Plaintiff appealed the ALJ's decision and the Appeals Council denied Plaintiff's request for review on June 12, 2015. (Tr. 1-3). Plaintiff initiated the instant action by filing a Complaint (Doc. 1) on July 15, 2015. The parties having filed memoranda setting forth their respective positions, this case is ripe for review.

### D.  Summary of the ALJ's Decision

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity from September 2011 to February 2012. (Tr. 16). The ALJ explained, however, that despite the claimant's earning at above substantial gainful activity levels since the alleged onset date, the case was not being decided at step one of the sequential evaluation process. (Tr. 16). At step two, the ALJ found that Plaintiff had one severe impairments: degenerative disc

disease with back pain, history of left arm fracture, obesity, and affective disorder. (Tr. 16). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 16-17).

Before proceeding to step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to

> perform light work as defined in 20 CFR 404.1567(b) except he can occasionally push and pull with left arm and reach with left arm, which is the non-dominant arm. He can perform activities that can be learned in 30 days or less, with minimal supervision. The claimant can cooperate with the public and coworkers in completing these talks which can be performed over and over during an 8 hour day.

(Tr. 18). At step four, the ALJ found that Plaintiff was unable to perform his past relevant work as a collection clerk. (Tr. 21). At step five, the ALJ relied on the testimony to find that given Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (Tr. 22). Specifically, the ALJ found that Plaintiff could perform the work requirements of "housekeeping cleaner" and "fast food worker." (Tr. 22). The ALJ concluded that Plaintiff has not been under a disability from September 18, 2011, the alleged onset date, through February 28, 2014, the date of the ALJ's decision. (Tr. 23).

## II. Analysis

Plaintiff raises three issues on appeal: (1) whether the ALJ erred by not obtaining treating physician Dr. Trevett's written opinion concerning limitations; (2) whether the ALJ erred by according "great weight" to the opinion of state agency physician Loc Kim Le, M.D.; and (3) whether the ALJ erred by propounding a hypothetical question to the VE that did not properly

account for Plaintiff's moderate inability to maintain concentration, persistence, or pace. The Court will address each issue in turn.

### a) Whether the ALJ erred by not obtaining treating physician Mildred Trevett, M.D.'s written opinion concerning limitations.

The record shows that on February 13, 2013, Plaintiff's treating physician, Dr. Trevett completed a form "requested by pt. Lawyer." (Tr. 1100). Dr. Trevett completed the form, noting her ability to complete the form was "limited bc we do not have PT equipment for a real eval; form was fill up in bases on pt statements." (Tr. 1100). The form that was completed by Dr. Trevett is not in the record.

Plaintiff contends that this "form" contains "what almost certainly is" Dr. Trevett's opinion as to Plaintiff's physical limitations. (Doc. 17 p. 14). Plaintiff acknowledges that there is no "100% proof that this documents addresses" Plaintiff's physical limitations, "the overwhelming presumptions is that this document does indeed address [Plaintiff's] physical restrictions" because it was submitted to Dr. Trevett from Plaintiff's "lawyer." (Doc. 17 p. 14). Plaintiff argues that the ALJ's failure to secure this form constitutes reversible error because the ALJ did not fully and fairly develop the record. (Doc. 17 p. 15).

Defendant responds that the ALJ developed a full and fair record and that the ALJ did not err by failing to secure the form completed on February 13, 2013. (Doc. 17 p. 17). Defendant argues that the medical evidence outlined in the decision was sufficient for the ALJ to make a decision as to disability, and the ALJ was not further required to develop the record. (Doc. 17 p. 17).

An ALJ has a basic obligation to develop a full and fair record, even where the claimant was represented by counsel. *See Brown v. Shalala*, 44 F.3d 931, 934-35 (11th Cir. 1995). While the ALJ has a basic duty to develop a full and fair record, Plaintiff maintains the burden of proving

disability under the Act and producing evidence in support of his claim. *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). Further, a plaintiff is required to show prejudice from lack of development of a record before a case will be remanded for further development. *Id.* at 1423. The record must reveal evidentiary gaps which result in unfairness or clear prejudice. *Leslie v. Astrue*, 2008 WL 54395, at *1 (M.D. Fla. Jan. 2, 2008) (citing *Smith v. Schweiker*, 677 F.2d 826, 830 (11th Cir. 1982)). Whether to recontact a treating source is a matter of ALJ discretion. *See* 20 C.F.R. § 404.1520b(c)(1).

Here, the Court finds that the ALJ did not fail to perform his duty to fully and fairly develop the record by failing to secure the form completed by Dr. Trevett on February 13, 2013. The record includes medical evidence from several treating and examining physicians over the entire relevant period and objective exam findings related to each of Plaintiff's disabling conditions. As Defendant notes, none of Plaintiff's physicians opined any work-related limitations in excess of the RFC for a modified range of light work, as found by the ALJ.

In addition, the record makes it clear that the missing form was completed on the basis of Plaintiff's subjective complaints. The ALJ rejected Plaintiff's subjective complaints as not credible, a finding that Plaintiff has not challenged upon review. (Tr. 19). Plaintiff has failed to show how he was prejudiced by the missing form, especially given Plaintiff's acknowledgment that he does not know whether the form contains Dr. Trevett's opinion as to Plaintiff's physical limitations.

In essence, Plaintiff is requesting the Court to remand the case because the ALJ failed to secure a form that is mentioned in one sentence in the 1100 page transcript. The Court rejects this argument and finds no error in the ALJ's development of the record.

**b) Whether the ALJ erred by according "great weight" to the opinion of state agency physician Loc Kim Le, M.D.**

Plaintiff argues that the ALJ erred in according "great weight" to state medical consultant Dr. Loc Kim Le, because Dr. Le's opinion was rendered prior to Plaintiff developing additional disabling medical conditions, including knee osteoarthritis and diabetes. (Doc. 17 p. 19). Defendant argues that Plaintiff has failed to show that these additional impairments would cause limitations beyond those already incorporated in the RFC determination. (Doc. 17 p. 27).

The record shows that Dr. Le completed an RFC evaluation of Plaintiff on July 16, 2012. (Tr. 93-94). Dr. Le found that Plaintff could perform work with medium exertional limitations. (Tr. 93-94). Dr. Le found Plaintiff could occasionally lift and/or carry 50 pounds, frequently lift and/or carry 25 pounds, stand and/or walk for a total of 6 hours in an 8-hour workday, sit for a total of 6 hours in an 8-hour workday, and was unlimited in his ability to push and/or pull. (Tr. 93-94). Dr. Le reviewed records from Dr. Trevett through June 1, 2012, in performing the RFC evaluation. (Tr. 94).

Subsequent to Dr. Le's opinion, on February 8, 2013, Plaintiff visited Dr. Trevett. (Tr. 1090). Plaintiff complained of left knee pain, on and off, worse with weight bearing and complained of gradual onset of daily episodes of moderate excessive sweating all over the body with flush sensation intermittently. (Tr. 1090). Plaintiff also complained of worsening energy levels, concentration, and feeling tired. (Tr. 1090). On examination, Dr. Trevett noted left knee range of motion limitation, tenderness at palpitation, and mild swelling. (Tr. 1090). Dr. Trevett also noted mild swelling of the right leg and venuous stasis disc of LES. (Tr. 1092). Dr. Trevett diagnosed Plaintiff with localized osteoarthritis of the knee and diabetes mellitus. (Tr. 1091).

On February 13, 2013, Plaintiff returned to Dr. Trevett. (Tr. 1098). Plaintiff complained of constant left knee pain and not being able to stand, sit or walk more than 30 minutes. (Tr. 1098).

Dr. Trevett's examination showed left knee range of motion limitation and crepitus heard in the left knee with mild swelling. (Tr. 1100). Dr. Trevett diagnosed Plaintiff with localized osteoarthritis of the knee. (Tr. 1100).

In her decision, the ALJ explained her reasoning for according great weight to Dr. Le's opinion (which is referred to by the ALJ below as Exhibit 4A) as follows:

> As for the opinion evidence, the undersigned afford great weight to the findings and opinions of the state consultant in Exhibits 2A and 4A because they are consistent with the overall evidence that reveal normal physical and mental health findings as well as the claimant's consistent denials for back and join pain and depression and anxiety. Additionally, the consultant's findings are consistent with the claimant's reported ADL's that evidences his ability to sufficiently concentrate to operate motor vehicles, watch television, play a guitar, and pay bills. Similarly, the consultant's findings are consistent with Exhibit 13F, which documents orthopedic surgeon Francisco Noda's statements that the claimant has excellent left arm functioning and recommendation to perform all activities of daily living. No weight is given to the assessment in 2A which is not from a doctor.

(Tr. 20-21).

In this case, the Court finds no error in the ALJ's decision to great weigh to the opinion of Dr. Le. "State agency medical and psychological consultants are highly qualified physicians and psychologists who are experts in the evaluation of the medical issues in a disability claim under the Act." Social Security Ruling 96-6p. The ALJ stated that she gave great weight to Dr. Le's opinion because it was consistent with Plaintiff's record showing normal physical and mental health findings and his report of daily activities of daily living. The record shows that Plaintiff consistently denied musculoskeletal symptoms, including joint pain, neck pain, and back pain, and his physical examinations revealed normal back and extremity findings, including negative straight leg raise tests bilaterally. (Tr. 19, 770, 815-16, 819-20, 848-49, 854, 997-98, 1001, 1053-55, 1060, 1074, 1083, 1088).

The fact that Dr. Le's opinion was given before Plaintiff's diagnoses for localized osteoarthritis of the knee and diabetes mellitus does not make the ALJ's reliance on Dr. Le's opinion erroneous. As Defendant notes, the mere diagnosis of an impairment says nothing about its severity or limiting effects. *See Moore v. Barnhart*, 405 F.3d 1208, 1213 n. 6 (11th Cir. 2005). Plaintiff has failed to show how these diagnoses cause limitations greater than those opined by Dr. Le and adopted by the ALJ. Without such a showing, the Court cannot find that the ALJ's reliance on Dr. Le's opinion was improper. Accordingly, the Court affirms the ALJ's decision to accord Dr. Le's opinion great weight.

### c) Whether the ALJ erred by propounding a hypothetical question to the VE that did not properly account for Plaintiff's moderate inability to maintain concentration, persistence, or pace.

At the Administrative Hearing, the ALJ asked the VE to consider a "hypothetical individual" with Plaintiff's "age, education, past work" who could "perform light work" and "jobs that could be learned in 30 days or less with minimal supervision . . .[h]e could cooperate with the public and coworkers in completing these tasks, which should be performed over and over during an eight-hour workday," and he could "only push and pull with the left arm and reach with the left arm." (Tr. 65).

Citing *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180-81 (11th Cir. 2011), Plaintiff argues that the ALJ erred because the hypothetical question failed to properly addressed Plaintiff's moderate inability to maintain concentration, persistence, or pace. (Doc. 17 p. 28). Defendant refutes this claim.

In *Winschel*, the Eleventh Circuit explained "that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." 631 F.3d at 1180. If, however, the medical evidence

demonstrates that a claimant's ability to work is unaffected by the limitation or the limitation is implicitly accounted for in the hypothetical, remand is inappropriate. *Id.* at 1181. In other words, "[a]n ALJ's hypothetical question restricting the claimant to simple and routine tasks adequately accounts for restrictions related to concentration, persistence, and pace where the medical evidence demonstrates that the claimant retains the ability to perform the tasks despite limitations in concentration, persistence, and pace." *Timmons v. Comm'r of Soc. Sec.*, 522 F. App'x 897, 907 (11th Cir. 2013).

Here, the Court finds that the hypothetical posed to the VE sufficiently accounted for Plaintiff's moderate limitation in concentration, persistence or pace. The ALJ's hypothetical question did not merely specify the individual was limited to simple and routine tasks, but contained the additional limitations that the jobs that could be learned in 30 days or less with minimal supervision and that Plaintiff could cooperate with the public and coworkers in completing these tasks, which should be performed over and over during an eight-hour workday. (Tr. 65). Plaintiff has failed to show that his moderate limitation in concentration, persistence, or pace caused any additional limitations to his ability to work. Accordingly, the Court rejects Plaintiff's argument that the hypothetical question failed to account for Plaintiff's moderate limitation in concentration, persistence or pace.

### III. Conclusion

The decision of the Commissioner is **AFFIRMED**. The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on September 19, 2016.

*[Signature]*

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties